JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

WENDY THOMAS (NYBN 4315420)
Special Assistant United States Attorney

    450 Golden Gate Avenue
    San Francisco, California  94102
    Telephone: (415) 436-6809
    Facsimile: (415) 436-7234
    E-Mail: wendy.thomas@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> RYAN A. SCHRADER, <br><br> Defendant. | Case No. CR-07-0605 MAG <br><br> Violations: 36 C.F.R. § 1004.23(a)(1) - Driving While Under the Influence of Alcohol (Class B Misdemeanor); 36 C.F.R. § 1004.23(a)(2) - Driving With Blood Alcohol Content Above 0.08% (Class B Misdemeanor) <br><br> **DECLARATION OF <u>ADAM MALDONADO</u> IN SUPPORT OF UNITED STATES' MOTION FOR BENCH WARRANT** |

I, Adam Maldonado, hereby declare as follows:

1. I am a Law Clerk assigned to prosecute this case.  I have received the following information from attorneys and law clerks at the United States Attorney's Office, officers employed by the United States Park Police and from reports and other documents provided to me by the United States Park Police.

2. On August 3, 2007, at approximately 11:21 p.m., Officer Michael Cameron ("Officer Cameron") of the United States Park Police was traveling west bound on Bunker Road through

-2-

the Baker Berry tunnel in the Presidio. Officer Cameron observed a Chevy Tahoe, California license plate number 5ENJ816, proceed through a red light and enter the tunnel traveling east bound. Officer Cameron turned his vehicle around and initiated a traffic stop on the Chevy Tahoe for running a red light.

3. Officer Cameron approached the driver of the Chevy Tahoe, later identified as Ryan Schrader ("Defendant"). Officer Cameron immediately noticed that the Defendant was displaying objective signs of intoxication. Specifically, the Defendant had red watery eyes, slurred speech, slow motor skills, and an odor of alcoholic beverage.

4. Officer Cameron asked the Defendant to exit the vehicle, and he then conducted an investigative interview with the Defendant. During this interview, the Defendant stated that he had consumed one beer at approximately 5:30 or 6:00 p.m. The Defendant also stated that he had taken one pain killer approximately four hours prior to the instant conversation as well as a Xanax pill. When Officer Cameron asked the Defendant if he felt the effects of the medicine/drugs, the Defendant replied "yes."

5. Officer Cameron then conducted multiple field sobriety tests ("FST's") with the Defendant, including: (1) the "Walk and Turn"; (2) the "One Leg Stand"; (3) the "Rhomberg Stand"; (4) and the "Horizontal Gaze Nystagmus." The Defendant failed all of the FST's.

6. Officer Cameron read the Defendant the Chemical Test Admonition and the Defendant agreed to provide a urine sample. Officer Cameron and the Defendant went to 1217 Ralston in San Francisco so that the Defendant could provide a urine sample. At approximately 12:52 a.m., the Defendant voided his bladder. At approximately 1:50 a.m., the Defendant provided a urine sample for Officer Cameron.

7. Officer Cameron sent the vial of the Defendant's urine to the Department of Justice Bureau of Forensic Services, Santa Rosa Laboratory to be analyzed. On August 14, 2007, Senior Criminalist Samantha Evans analyzed the urine sample that the Santa Rosa Laboratory received from Officer Cameron, and determined that the sample of the Defendant's urine contained 0.25% (W/V) of alcohol.

8. Officer Cameron searched the Defendant's vehicle and recovered an aluminum 24 ounce

Bud Light can from the center console, which was open and had approximately three quarters of the beer gone.

9. The Court issued a summons for the defendant to appear on October 19, 2007, after the U.S. Attorney's Office submitted a Motion for Summons to the Court. The U.S. Attorney's Office sent defendant, via certified mail as well as regular U.S. Mail, a copy of the criminal Information as well as a copy of the order for summons on October 11, 2007.

10. On October 18, 2007, the defendant called the U.S. Attorney's Office and spoke to law clerk Jalyn Wang. The defendant asked to re-schedule his appearance date to November 30, 2007. Jalyn Wang contacted the Court Clerk and rescheduled the defendant's appearance for November 30, 2007.

11. The defendant failed to appear for his initial appearance before the Duty Magistrate, Magistrate Judge Bernard Zimmerman, on November 30, 2007 at 9:30 a.m. No cause or excuse for his absence was provided at that time.

12. Following Rodriguez's failure to appear, the Court issued a second summons for the defendant to appear on January 8, 2008, before the Honorable Elizabeth D. Laporte, at 9:30 a.m. Magistrate Judge Bernard Zimmerman ordered the second summons for defendant's January 8, 2008 appearance.

13. In the week following the November 30, 2007 failure to appear, the defendant again called the U.S. Attorney's Office and spoke to both law clerk Jalyn Wang and Special Assistant United States Attorney Wendy Thomas. He was advised of his new court date of January 8, 2008, at 9:30 a.m.

14. The defendant failed to appear for his initial appearance before the Duty Magistrate, Magistrate Judge Elizabeth D. Laporte, on January 8, 2008 at 9:30 a.m. No cause or excuse for his absence was provided at that time. Later that day, Assistant United States Attorney Derek Owens ("AUSA Owens") left a message for the defendant on his voice-mail that if he did not appear in court the next day, a warrant would be issued for his arrest.

15. On January 10, 2008, the defendant called AUSA Owens and informed AUSA Owens that the defendant had moved to Seattle, was taking care of his mother, and that the defendant

thought his appearance date was for January 18th, 2008, not January 8th, 2008.  The defendant informed AUSA Owens that he had already booked a flight from Seattle to San Francisco on January 16, 2008, to make an appearance on January 18, 2008.  AUSA Owens informed the defendant that if he did not come to Court on January 18, 2008, a warrant would be issued for his arrest.  AUSA Owens also provided the defendant with the Court's address and the telephone number for the Federal Public Defender, which the defendant said he already had.

16.  The defendant did not come to court on January 18, 2008.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.  Executed January 29, 2008, at San Francisco, California.

Date:   1/29/08                                            /s/
                                              Adam Maldonado
                                              Law Clerk, United States Attorney's Office

DECLARATION IN SUPPORT OF MOTION FOR WARRANT
Case No. CR-07-0605-MAG                  -4-