BARRY J. PORTMAN
Federal Public Defender
STEVEN G. KALAR
Assistant Federal Public Defender
440 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant Schrader

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RYAN SCHRADER,<br><br>　　　　Defendant. | No. CR 07-00605 JL<br><br>DEFENDANT'S SENTENCING MEMORANDUM<br><br>**Hearing Date**: Thursday, August 28, 2008 at 11:00 a.m. |

**Introduction**

On April 24, 2008, Mr. Schrader made his first appearance before this Court. In very short order (in less than a month) he entered a plea of guilty pursuant to a written agreement negotiated between the parties. Indeed, Mr. Schrader has made only two appearances in the case thus far: an initial appearance where he was appointed counsel, and the second to plead.

The written agreement to which Mr. Schrader pleaded guilty contemplates substantial punishment. Mr. Schrader and the government agreed to recommend three years of probation, including a two-week period of home detention to be supervised by the Probation Office. The defendant must pay a $1,500 fine, or complete 187 hours of community service. Mr. Schrader has lost his driving privileges for six months, and must

complete a drunk driving program at the Department of Motor Vehicles. Finally, and perhaps most importantly, Mr. Schrader must complete an alcohol assessment and treatment program if deemed appropriate by the Probation Officer.

The defense (and the government) stand by their joint recommendation. This is a fair result in a case where the defendant quickly admitted responsibility. The parties jointly oppose the dramatically higher sentence urged by the Office of Probation — six months of home confinement with electronic monitoring. The significantly higher recommendation by the Probation office in this non-guideline case does not fairly account for Mr. Schrader's extraordinarily early acceptance of responsibility, the unusual context of this offense, and the considerable resources saved through this quick plea of guilt.

## Discussion

The PSR emphasizes as the basis for its recommendation a number of prior arrests of Mr. Schrader. It is conceded that the defendant has a criminal history. What is important, however, is to note that these adult convictions are clustered within a four-year period - and that the last arrest before the instant case was over *seven years* ago. *See PSR* at 6 ¶ 12.

Mr. Schrader confirms what statistics predict: youth and crime are linked. He had small possession case in 1996, an open container case in 1998, a DUI in 1999, and a second in 2000 – when he was 22 to 26 years old. Each of these offenses took place in Idaho.

It is not clear what went wrong for Mr. Schrader in Idaho, in his twenties. What is clear is that this young man put this reckless behavior behind him in 2000. He ultimately moved to California, was employed, and had no new arrests from April 2000 through August of 2007: a seven-year clean run. Indeed, the present case appears to be his first arrest in California.

What, then, went wrong on the Presidio in August of 2007, after Mr. Schrader had put Idaho behind him? One clue is in the defendant's family situation. He is very close to

his family; his father is a retired law enforcement officer in Washington, and his sister is a nurse in Idaho. *PSR* at 8 ¶ 18. In June of 2008, Mr. Schrader's mother finally succumbed in her battle with leukemia. *Id.* The defendant and his mother were particularly close, and this death has also been hard on the defendant's father. Since Mrs. Schrader passed away last June, the defendant has visited Washington several times to support his father.

What Mr. Schrader needs to do now is take care of outstanding warrants, continue to address his drinking problem, support his family, and continue his employment. He is particularly interested in returning to school to get a degree in business. *PSR* at 9 ¶ 25. Six months of home detention on electronic monitoring will further none of those goals, and is unnecessary as a "punitive" sentence for the present offense. The sentence jointly urged by the parties in the written plea agreement better advances these goals, and better balances a punitive sentence with rehabilitation.

Finally, the sentence jointly urged by the parties furthers the institutional goal of encouraging fair pretrial dispositions. Compared to, for example, the Eastern District of California, this district has comparatively few misdemeanor trials. That difference is largely because the United States Attorney's Office in this District typically offers fair resolutions in misdemeanor cases, and does so early in the case.

This is a laudable public policy: it allows the government to not waste significant resources on misdemeanor cases, it produces just results for the defense, and it also means that the magistrate courts are not inundated with misdemeanor trials. To encourage a system that is working well, the Court should (when a negotiated sentence is reasonable) adopt the joint recommendations of the parties. The sentence urged in the parties' plea agreement is in fact reasonable, and should be adopted.

//
//
//
//

1
2                               **Conclusion**
3       While the parties' jointly-recommended sentence for this Class B misdemeanor is
4  reasonable, Probation's recommended sentence would be more appropriate after a
5  contested trial and a denial of guilt. Because Mr. Schrader accepted responsibility early
6  and completely, and because the sentence jointly urged by the parties is reasonable, this
7  Court should adopt the recommendation of the plea agreement and impose a sentence of
8  two weeks of home confinement, three years of probation, and a $1,500 fine.
9
10 Dated: August 25, 2008
11
                                    Respectfully submitted,
12
                                    BARRY J. PORTMAN
13                                  Federal Public Defender
14
                                    /s
15
16                                  STEVEN G. KALAR
                                    Assistant Federal Public Defender
17
18
19
20
21
22
23
24
25
26
27
28

*Schrader*, CR 07-00604-1 JL
DEF. SENT. MEM.                              4